## Two-Republics Life Insurance Co., Petitioner, v. Commissioner of Internal Revenue, Respondent.

Docket No. 29363. Promulgated January 23, 1931.

*John V. Sees, Esq.,* for the petitioner.
*T. M. Mather, Esq.,* for the respondent.

OPINION.

TRUSSELL : The main issue here raised by the petitioner is in respect of the application to petitioner's income tax return for the year 1924 and the application throughout of the provisions of section 245 (b) of the Revenue Act of 1924, which is as follows:

No deduction shall be made under paragraphs (6) and (7) of subdivision (a) on account of any real estate owned and occupied in whole or in part by a life insurance company unless there is included in the return of gross income the rental value of the space so occupied. Such rental value shall be not less than a sum which in addition to any rents received from other tenants shall provide a net income (after deducting taxes, depreciation, and all other expenses) at the rate of 4 per centum per annum of the book value at the end of the taxable year of the real estate so owned or occupied.

Since the filing of the pleadings in this action, the Board has had under consideration the foregoing section 245 (b) of the Act of 1924. and in *Independent Life Insurance Co. of America*, 17 B. T. A. 757, and *Reserve Loan Life Insurance Co.*, 18 B. T. A. 359, has held that any amount of estimated rental value of space occupied by a life insurance company in a building owned by it may not be added to gross income and that the deductions for taxes and other expenses pertaining to such building, as authorized in section 245 (6) and (7) may not be either abridged or denied. In view of these decisions, when we are considering other cases involving similar situations, we may not fail to give effect to our own prior decisions. We are therefore of the opinion that in this case the petitioner's gross income as determined by the respondent in the deficiency letter should be reduced by omitting the item of $14,268.81, treated as the rental value of space occupied by the petitioner in its own building. This will result in the allowable deductions exceeding the gross income and, there being no net income, there can be no deficiency and no increase of deficiency.

We are, therefore, of the opinion that the question of the plea of the statute of limitations against an increase of deficiency need not here be considered.

*Judgment of no deficiency will be entered.*